UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEX H. RACKLEY, JR.,

        Petitioner,

v.                                      Case No. 3:07-cv-520-J-12MCR

WALTER A. MCNEIL,[1]
etc.; et al.,
        Respondents.
_____

**ORDER**

**I. Status**

Petitioner Alex H. Rackley, Jr., who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on June 11, 2007, pursuant to the mailbox rule. On July 18, 2007, Petitioner filed an Amended Petition (Doc. #10). Petitioner challenges a 2004 state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine on the following grounds: (1) ineffective assistance of trial counsel for counsel's failure to investigate

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

and present the defense of objective entrapment; (2) ineffective assistance of trial counsel for counsel's failure to request a jury instruction as to a lesser included offense of the charged offense; and (3) prosecutorial misconduct during the closing argument.

Respondents have responded. See Respondents' Response to Petition for Habeas Corpus (Response) (Doc. #17).[2] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #11). Petitioner has replied. See Petitioner's Reply to Respondents' Response (Doc. #21). This case is now ripe for review.

## II. Procedural History

On February 12, 2004, Petitioner Rackley was charged with possession of cocaine (count one) and sale or delivery of cocaine (count two). Resp. Ex. B, Information. The State nol prossed count one. Id. at 96-97. On July 7, 2004, a trial by jury was conducted on count two. Resp. Ex. C, Transcript of the Jury Trial Proceeding at 88. Defense counsel presented a defense of entrapment, and the jury was instructed on the defense of entrapment. Id. at 96-98, 131-35, 141-44, 159-66 (Petitioner's testimony), 174-75, 178-80, 183-96 (defense counsel's closing argument), 210-17 (defense counsel's rebuttal closing argument), 218-20 (court's instruction on the entrapment defense); 231 (jury's note regarding the entrapment defense), 232 (court's re-reading of

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

2

the instruction on the entrapment defense). The jury returned a verdict of guilty of sale or delivery of cocaine, as charged. Id. at 235; Resp. Ex. B at 43, Verdict. On August 11, 2004, Petitioner was sentenced, as a habitual felony offender, to ten years of imprisonment. Resp. Ex. B at 61-66, 79-99 (Transcript of the Sentencing Hearing).

On appeal, Petitioner, through counsel, filed an Initial Brief, raising the following claim: whether the trial court erred in limiting the defense's cross-examination of Officer Elegino concerning whether the defendant had told the officer he had broken off a piece of crack cocaine for himself. Resp. Ex. D. The State filed an Answer Brief. Resp. Ex. E. On April 18, 2005, the appellate court per curiam affirmed without issuing a written opinion. Rackley v. State, 900 So.2d 561 (Fla. 1st DCA 2005); Resp. Ex. F.

On July 14, 2005, Petitioner filed a pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised the following ineffectiveness grounds: (1) counsel was ineffective for failure to request a jury instruction as to a lesser included offense of possession of cocaine, and (2) counsel was ineffective for failure to prepare and make a proper defense of objective entrapment. Resp. Ex. G at 1-26. On March 13, 2006, the trial court denied the Rule 3.850 motion on the merits. Id. at 27-29.

Petitioner appealed and filed a pro se brief. Id. at 31; Resp. Ex. H. The State filed a notice that it would not file an answer brief. Resp. Ex. I. On August 18, 2006, the appellate court per curiam affirmed without issuing a written opinion. Rackley v. State, 939 So.2d 98 (Fla. 1st DCA 2006); Resp. Ex. J. The mandate was issued on October 17, 2006. Resp. Ex. K.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. See 28 U.S.C. § 2244(d); Response at 3-4.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted by this Court.

## V. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication[3] resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[4] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146

---

[3] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).

[4] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

5

L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." Schriro, 550 U.S. at 473-74. This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

### VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

> defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit has expounded upon the deference due to counsel's performance as well as to the state court's decision concerning that performance:

> In assessing [Petitioner's] claim that his trial counsel w[as] ineffective we must keep in mind that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689, 104 S.Ct. at 2065. In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision. Woodford, 537 U.S. at 24, 123 S.Ct. at 360 (section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). [Petitioner] must do more

7

> than satisfy the Strickland standard. He must
> also show that in rejecting his ineffective
> assistance of counsel claim the state court
> "applied Strickland to the facts of his case
> in an objectively unreasonable manner." Bell
> v. Cone, 535 U.S. 685, 699, 122 S.Ct. 1843,
> 1852, 152 L.Ed.2d 914 (2002).

Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004), cert. denied, 544 U.S. 982 (2005).

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that counsel (Matthew A. Shirk, an Assistant Public Defender) was ineffective for failure to investigate and present the defense of objective entrapment. Petitioner raised this claim in his Rule 3.850 motion. Thus, assuming that pro se Petitioner intends to raise the same ineffectiveness claim here that he raised in his Rule 3.850 motion in state court, his ineffectiveness claim is sufficiently exhausted. To the extent that Petitioner has raised additional issues here that were not presented in state court, those claims are procedurally barred.[5] Response at 5-6. The trial court denied the Rule 3.850 motion with respect to this ineffectiveness issue, stating in pertinent part:

> Defendant also asserts that his trial
> counsel was ineffective for failing to prepare

---

[5] Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

8

> and make a proper defense of entrapment. The
> Court gleans from this assertion that the
> Defendant believes that his lawyer should have
> raised the entrapment defense prior to trial
> in an effort to have the case dismissed. He
> presents no law to support such [an]
> assertion, however, and the Court is unaware
> of any. In fact, the Defendant was allowed to
> establish his entrapment defense, and the
> Court instructed the jury as to the same.
> [See, the written version of the Court's
> entrapment instruction, attached]. In short,
> the Defendant has failed to present any basis
> upon which the Court could determine that his
> lawyer's performance was deficient such that a
> more adequate representation would have
> resulted in acquittal. See, Strickland v.
> Washington, 104 S.Ct. 2052 (1984).

Resp. Ex. G at 28. On appeal, the appellate court per curiam affirmed without issuing a written opinion.

Accordingly, this claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This claim should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

9

This Court also finds this ineffectiveness ground to be without merit. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003).

Petitioner, here, contends that counsel should have raised the entrapment defense prior to trial in an effort to have the case dismissed before trial. In support of his argument, Petitioner cites Kinsey v. State, 623 So.2d 556, 559 (Fla. 4th DCA 1993), which states that "objective entrapment issues should be raised before trial, or at the earliest opportunity, so that evidence on that issue which would otherwise be inadmissible, as irrelevant or hearsay as to the issues for the jury at trial, may be considered by the trial court on a motion to dismiss, allowing the court to make appropriate and timely findings."

10

The Florida courts have set forth the evolution of the entrapment defense.

> A thorough analysis of the evolvement of the entrapment defense under both federal and Florida law is set forth in Munoz v. State, 629 So.2d 90 (Fla. 1993). During its embryotic stages, Florida law governing the entrapment defense amounted to a tug-of-war between the legislative and judicial branches. While the United States Supreme Court has always embraced what has been described as the "subjective standard" of entrapment, the Florida Supreme Court envisioned an "objective standard." Id. at 91-96; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). In 1987, however, the Florida legislature enacted section 777.201, Florida Statutes, specifically rejecting the objective standard and adopting a subjective standard of entrapment. Subsequently, when called upon to address section 777.201, the Florida Supreme Court noted that the legislature had no authority to overrule the court's earlier decisions regarding entrapment under the objective standard, where the accused's due process rights were violated under article I, section 9, of the Florida Constitution. See Munoz, 629 So.2d at 98-99. Thus, as it stands today, Florida courts embrace both the subjective and objective standards of entrapment. See id. at 101.

Soohoo v. State, 737 So.2d 1108, 1109 (Fla. 4th DCA 1999); Cabrera v. State, 766 So.2d 1131, 1132 (Fla. 2nd DCA 2000) ("Florida law recognizes both a subjective entrapment defense, codified in section 777.201, Florida Statutes (1995), and a due process entrapment defense applicable in cases of egregious police misconduct.").

Thus, there are two theories of entrapment that are recognized in the Florida courts. The objective entrapment analysis focuses on the conduct of law enforcement and operates as a bar to prosecution in those instances where the government's conduct so offends decency or a sense of justice that it amounts to a denial of due process; however, subjective entrapment focuses on the issues of inducement and the defendant's predisposition to commit the alleged offense. See Jimenez v. State, 993 So.2d 553, 555 (Fla. 2nd DCA 2008) (stating that the defense of objective entrapment arises in the presence of egregious law enforcement conduct which is evaluated under the due process provision of the state Constitution); State v. Henderson, 955 So.2d 1193 (Fla. 4th DCA 2007); Campbell v. State, 935 So.2d 614 (Fla. 3rd DCA 2006).

The Florida courts have explained what constitutes egregious law enforcement conduct.

> The type of conduct held to violate due process is that which so offends decency or a sense of justice that judicial power may not be exercised to obtain a conviction. See, e.g., State v. Glosson, 462 So.2d 1082 (Fla. 1985) (law enforcement entering into a contingency contract with informants to obtain convictions); Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985) (law enforcement officer appearing inebriated and hanging money from his pocket in high crime area); State v. Williams, 623 So.2d 462 (Fla. 1993) (illegal manufacture of crack cocaine by law enforcement officials for use in reverse-sting operation); Soohoo v. State, 737 So.2d 1108 (Fla. 4th DCA 1999) (undercover agent's consignment arrangement for sale of drugs).

12

> When government conduct violates a defendant's due process rights, the remedy is dismissal. See Munoz, 629 So.2d 90.

State v. Blanco, 896 So.2d 900, 901 (Fla. 4th DCA), rev. denied, 907 So.2d 518 (Fla. 2005); State v. Taylor, 784 So.2d 1164, 1167 (Fla. 2nd DCA) ("The rule applies regardless of the defendant's predisposition and serves to check outrageous police conduct."), rev. denied, 799 So.2d 219 (Fla. 2001).

Thus, as Petitioner contends, if the actions of law enforcement amounted to a denial of his right to due process, then dismissal of the charge would have been warranted. However, "[t]his rule is narrowly applied and is limited to those instances where the government's conduct so offends decency or a sense of justice that the judicial power may not be exercised to obtain a conviction." Id. (citations omitted). Here, Respondents claim, and this Court agrees, that "the situation presented by this case does not involve egregious police conduct and thus cannot amount to a due process violation." Response at 14. The facts of Petitioner's case would not have given counsel a basis to argue for dismissal of the charge due to a violation of due process. Petitioner's accusations of being tricked and induced by the police officers' willingness to "take care of him" and the fact the police officers had props to convince him that they were not police officers do not amount to a due process violation. Because there was no due process violation, counsel's performance was not

13

deficient for failing to file a motion to dismiss the charge based on egregious or outrageous police conduct.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Thus, the ineffectiveness claim is without merit.

### B. Ground Two

As ground two, Petitioner claims that counsel was ineffective for failing to request a jury instruction as to a lesser included offense of the charged offense. Specifically, Petitioner asserts that the jury should have been instructed on possession of cocaine, as a lesser included offense of sale of cocaine. Petitioner raised this ineffectiveness claim in his Rule 3.850 motion in state court. Thus, his ineffectiveness claim is sufficiently exhausted. The trial court denied the Rule 3.850 motion with respect to this ineffectiveness issue, stating in pertinent part:

> First, Defendant asserts that he received ineffective assistance of counsel in that his defense lawyer failed to request from the court a jury instruction as to a lesser included offense of possession of cocaine. He asserts that such was a necessary Category I lesser included offense as to the offense charged, sale of cocaine. It was on the charge of sale of cocaine that he was convicted.

14

> First, the Court finds that possession of cocaine is not a Category I lesser included offense of sale of cocaine. See, Fla. Std. Jury Instr. (Crim.) 25.2.[6] Moreover, there was absolutely no evidence before the trial court that the Defendant simply possessed cocaine. Instead, he asserted a defense of entrapment, and admitted in his testimony that he did complete the sale in question. Thus, there is no likelihood that if his defense counsel had requested an instruction on the lesser included offense of possession of cocaine, that such a request would have been granted.

Ex. G at 27-28. On appeal, the appellate court per curiam affirmed without issuing a written opinion.

Accordingly, this claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This claim should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the

---

[6] See Resp. Ex. L, Schedule of Lesser Included Offenses (showing that possession of cocaine is not a category 1 (necessarily lesser included) offense of sale of cocaine.

15

evidence presented in the state court proceedings. Further, the ineffectiveness claim is without merit. See Response at 18-22.

### C. Ground Three

As ground three, Petitioner sets forth a claim of prosecutorial misconduct during the closing argument. Respondents contend, and this Court agrees, that Petitioner's claim of prosecutorial misconduct has never been presented to any state court. It was not raised on direct appeal (see Resp. Ex. D) and was not raised in his Rule 3.850 motion. See Resp. Ex. G. Petitioner states that he did not raise this claim on direct appeal because the claim "was not preserved for direct appeal by defense trial counsel." Amended Petition at 21.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" Turner, 339 F.3d at 1281 (quoting O'Sullivan, 526 U.S. at 845).

16

It would be futile for this Court to dismiss this unexhausted federal claim because it could have and should have been raised on direct appeal and motions for post-conviction relief are "neither a second appeal nor a substitute for appeal." McCrae v. State, 437 So.2d 1388, 1390 (Fla. 1983). Clearly, "[a] petitioner in Florida is not entitled to collateral relief 'based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.'" Tejada v. Dugger, 941 F.2d 1551, 1556 (11th Cir. 1991) (quoting Fla. R. Crim. P. 3.850(c)), cert. denied, 502 U.S. 1105 (1992).

Accordingly, Petitioner's claim has been procedurally defaulted. "Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "[A] petitioner may gain federal review of an otherwise procedurally defaulted claim if he can demonstrate both cause excusing the default and actual prejudice resulting from the bar." Hill v. Jones, 81 F.3d 1015, 1022-23 (11th Cir. 1996) (citations omitted), cert. denied, 519 U.S. 1119 (1997).

Here, Petitioner has stated that defense counsel failed to preserve the claim for direct appeal; however, he has not presented such an ineffectiveness claim in state court. See Usher v. Mortin,

165 Fed. Appx. 789, 792 (11th Cir.) (not selected for publication in the Federal Reporter) (finding that petitioner's claim of ineffectiveness for counsel's failing to make a timely objection to the jury array was not raised in state court and thus "[t]his in itself constitutes a distinct procedural default for which [petitioner] has shown neither cause nor prejudice; therefore, petitioner could not rely upon a similar claim of ineffective assistance to establish cause for the procedural default at issue in federal court), cert. denied, 549 U.S. 837 (2006). Clearly, procedurally defaulted claims of ineffective assistance of counsel cannot serve as cause to excuse the default of another substantive claim. See Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000) (holding that a federal court reviewing a habeas claim cannot consider an ineffective assistance of counsel claim as cause for a procedural default of another claim if the ineffective assistance claim itself was procedurally barred). "If the ineffective assistance claim is defaulted, then a petitioner must demonstrate independent cause and prejudice excusing the default of the ineffectiveness claim before that claim can be asserted as cause in relation to a second, substantive claim." Hill v. Jones, 81 F.3d at 1031 (citations omitted).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice."

Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court need not address Petitioner's procedurally barred federal claim.

## VIII. Conclusion

Clearly, "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim[s] fail[]." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). Any claims not specifically addressed are found to be without merit. Accordingly, for the above-stated reasons, the Amended Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition (Doc. #10) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this **3Rd** day of September, 2009.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sc 8/3
c:
Alex H. Rackley, Jr.
Ass't Attorney General (Hill)